IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GEORGE-THOMAS-LAVERN:
SCHNEIDER,

    Plaintiff,

vs.                                                    Civil No. 05-1093 WJ/RHS

STATE OF NEW MEXICO,
JENNIFER R. FULKS,
MADELINE MELKA,
KEVIN RAY SWEAZEA, and
JOHN DOES 1-10,

    Defendants.

**MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT
AND GIVING PLAINTIFF 30 DAYS TO FILE AN AMENDED COMPLAINT**

    THIS MATTER comes before the Court *sua sponte*. Plaintiff filed his Complaint in this case in an attempt to sue several Defendants for something, but it is impossible to parse his claims to determine the nature of his suit. In all likelihood, this is because Plaintiff used a form of Complaint prepared by David Wynn Miller whose name and claimed copyright are found at the bottom of each page of Plaintiff's Complaint. Mr. Miller's style of pleadings are familiar to the United States District Court for the Western District of Wisconsin and the Eastern District of Wisconsin. See Bartell v. State of Wisconsin Corp. Counsel, No. 05-C-0633, 2005 WL 1924206 (E.D. Wis. Aug. 9, 2005); Miller v. Korte, No. 02-C-504-C, 2002 WL 32350068 (W.D. Wis. Sept. 11, 2002). In Bartell, Chief United States District Judge Randa described Miller's

purportedly copyrighted pleadings as "chronically unintelligible" and "gobbledygook." 2005 WL 1924206 at *1.  Plaintiff's Complaint in this case falls within the same category as others bearing David Wynn Miller's name, and Chief Judge Randa's descriptions are as applicable to the Complaint in this case as they were in Bartell.

A district court may dismiss a complaint for lack of subject matter jurisdiction on its own motion where the claims are so insubstantial, implausible, foreclosed by prior decisions of the United States Supreme Court, or otherwise completely devoid of merit as to not involve a federal controversy.  Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998).  In Plaintiff's Complaint, there are no decipherable allegations that would give rise to federal subject matter jurisdiction based on either diversity of citizenship or a federal question.  Moreover, the attachments to Plaintiff's Complaint concern state court records on domestic matters, and federal courts cannot exercise jurisdiction over domestic relations cases.  See Hunt v. Lamb, -- F.3d --, No. 04-3366, 2005 WL 2600622 (10th Cir. October 14, 2005) (citing Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992)).  Accordingly, Plaintiff's Complaint will be dismissed without prejudice for lack of subject matter jurisdiction.

Plaintiff has already paid his $250 filing fee, and the Court will not, at this time, dismiss Plaintiff's action.  Plaintiff has thirty (30) days to file an Amended Complaint that is comprehensible.  Plaintiff should either contact an attorney for assistance or should become familiar with the requirements in Fed. R. Civ. P. 8 that a complaint give a **short and plain** statement of the grounds upon which the court's jurisdiction depends, a **short and plain** statement of the claims, and a demand for judgment for the relief sought.  (emphasis added).  If

Plaintiff fails to file an Amended Complaint that is understandable within 30 days, this action will be dismissed in its entirety.

**IT IS SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE